# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2012

No. 11-51120
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MARIO ALBERTO IBARRA-VERA,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-549-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mario Alberto Ibarra-Vera (Ibarra) was sentenced to a 46-month term of imprisonment following his guilty plea to illegal reentry of a deported alien. *See* 8 U.S.C. § 1326. Ibarra argues that his sentence, which is in the middle of his advisory guidelines range of 41 to 51 months of imprisonment, is unreasonable because it is greater than necessary as measured by the factors identified in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ibarra does not contend that the district court committed any procedural error in imposing his sentence. Thus, our review is confined to whether the sentence is substantively unreasonable under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 49-51 (2007). We have consistently rejected Ibarra's "double counting" argument and his argument that U.S.S.G. § 2L1.2 results in an excessive sentence because it is not empirically based. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009). We also have rejected the "international trespass" argument that Ibarra asserts. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006) (per curiam).

As to Ibarra's argument that the Sentencing Guidelines failed to account for the circumstances of his offense or his history, at sentencing, the district court considered the advisory guidelines range, Ibarra's objection to the presentence report, Ibarra's arguments in support of a variance from the advisory guidelines range, Ibarra's statement in allocution, the Government's request for a sentence at the bottom of the guidelines range, and the factors identified in § 3553, determining that a 46-month sentence was appropriate. The record reflects that the district court made an individualized determination at sentencing based on the facts presented and in light of the § 3553(a) factors. *See Gall*, 552 U.S. at 50.

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see Rita v. United States*, 551 U.S. 338, 347 (2007). Ibarra argues, for the purpose of preservation of the issue for possible further review by the Supreme Court, that a sentence imposed under § 2L1.2 should not be accorded that presumption "because, without empirical basis, the guideline double-counts criminal history." As he concedes, however, his argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

No. 11-51120

Ibarra has not shown that the district court failed to give proper weight to his arguments or to any particular § 3553(a) factor. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He has thus failed to rebut the presumption of reasonableness that is accorded his within-guidelines sentence. *See id.*; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Accordingly, the district court's judgment is AFFIRMED.